**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

LSP PRODUCTS GROUP, INC.,

    Plaintiff,

v.

OATEY CO.,

    Defendant.

Civil Action No.: _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff LSP Products Group, Inc. ("LSP"), by and through its undersigned attorneys, files this Complaint for Patent Infringement against Defendant Oatey Co. ("Oatey"), and in support thereof alleges as follows:

### NATURE AND BASIS OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Plaintiff LSP was founded by plumbers over 40 years ago with a focus on unparalleled innovation, superior product quality, and best-in-class service to the plumbing industry.

3. Since its beginning, LSP has continued to lead plumbing products innovation with inventions like the stainless steel braided flex connector, outlet boxes, waste and overflow and connection boxes.

4. LSP's primary focus is development of products that make plumbing installations easy and provide significant cost savings to the plumbing or mechanical contractor.

5. LSP's innovations had resulted in the issuance of dozens of patents on its industry-leading, consumer-driven patented solutions.

6. These inventions include, but are not limited to, the plumbing connecter system disclosed in U.S. Patent No. 5,983,923 ("the '923 Patent") entitled "Water service box and connectors for PEX pipe." A true and correct copy of the '923 Patent is attached hereto as Exhibit A.

7. Defendant Oatey is a manufacturer, supplier, and/or seller of supply boxes that can be used in commercial or residential applications that require supply valves and waste drains recessed into the wall.

8. Oatey has made, used, offered for sale and sold a number of supply boxes, including at least the Quadtro® washing machine outlet box products ("Quadtro"). The Oatey Quadtro has been offered for sale and sold in the United States through various nationwide retailers and/or distributors, such as Home Depot and Lowe's.

9. By making, using, offering for sale, selling, or importing the Quadtro products, Oatey has infringed one or more claims of the '923 Patent. As a consequence of Oatey's infringement, LSP seeks monetary damages. Moreover, LSP respectfully submits that, upon information and belief, the present case is exceptional and LSP is entitled to enhanced damages against Oatey and an award of its reasonable attorneys' fees and costs.

THE PARTIES

10. Plaintiff LSP is a Delaware corporation having its principal place of business at 2727 Chemsearch Boulevard, Irving, Texas 75062.

11. Upon information and belief, Defendant Oatey is an Ohio corporation having a regular and established place of business at 1903 Exchange Drive, Arlington, Texas 76011.

Upon further information and belief, Oatey may be served by serving its Registered Agent C T Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

12. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a) because this Complaint includes a cause of action for patent infringement under the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 271, 281, 283-285, and 287.

14. This Court has personal jurisdiction over Oatey by virtue of the fact that Oatey has transacted business in this District and Division, has derived substantial revenue from goods offered for sale and/or sold in this District and Division, and/or has established sufficient minimum contacts with Texas such that it is subject to the personal jurisdiction of this Court. Jurisdiction in Texas over Oatey is also consistent with the requirements of due process.

15. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### LSP and Its Patent Rights

16. LSP has invested a substantial amount of time and effort in the research and development of new and innovative products. LSP has developed a wide range of new and innovative plumbing connector products, including, for example, innovative outlet boxes and plumbing connectors.

17. LSP's research and development staff invented a number of plumbing connector designs that allow connections of appliances to water supply pipe with cross-linked polyethylene ("PEX") valves.

18. LSP has commercialized its patents with multiple lines of simple, easy to install plumbing connector and outlet box systems, including its PEX washing machine outlet boxes.

19. LSP has obtained and owns one or more patents directed to its novel plumbing connector and outlet box systems, including the '923 Patent.

20. On November 16, 1999, after a full and fair examination, the United States Patent and Trademark Office duly and legally issued the '923 Patent, entitled "Water Service Box and Connectors for PEX Pipe." *See* Exhibit A.

21. LSP is the owner by assignment of all right, title, and interest in the '923 Patent, including the right to sue for infringement thereof.

## Oatey's Infringing Products

22. Oatey has offered for sale and has sold a number of outlet boxes for PEX connection, including the Oatey "Quadtro" washing machine outlet box with PEX connection (Model No. 38528).

23. Oatey's Quadtro products have been made available through various nationwide retailers, such as Home Depot and Walmart. True and correct copies of web pages from the Home Depot and Walmart websites showing Oatey's Quadtro are attached hereto as Exhibit B.

24. Oatey touts its Quadtro products as being "available for commercial and residential applications that require supply valves and waste drain recessed into the wall." A true and correct reproduction of Oatey's advertising materials for the Quadtro is attached hereto as Exhibit C.

4

25. As discussed in more detail below, the Oatey Quadtro has infringed one or more of at least claims 1-10 of the '923 Patent.

26. Upon information and belief, Oatey has purposefully, actively, and voluntarily offered for sale and sold its Oatey products with the expectation that it would be purchased or used by consumers in Texas and elsewhere. By such acts, Oatey has injured LSP and is thus liable to LSP for infringement of the '923 Patent pursuant to 35 U.S.C. § 271.

COUNT I – INFRINGEMENT OF THE '923 PATENT BY OATEY

27. LSP incorporates and re-alleges the allegations contained in Paragraphs 1 through 26 above as if fully set forth herein.

28. Oatey has directly infringed, induced infringement, and/or contributed to infringement of at least one of claims 1-10 of the '923 Patent in the United States in violation of one or more of 35 U.S.C. §§ 271(a)-(c) by making, using, offering for sale, selling, and/or importing in-wall water service boxes with connector fittings particularly adapted for use in connecting in-wall potable water supply lines made of PEX to appliances and fixtures such as washing machines, ice makers, sinks, and the like that are covered by the claims of the '923 Patent.

29. An exemplary preliminary claim chart showing infringement of certain of claims 1-10 of the '923 Patent by Oatey's Quadtro product is attached hereto as Exhibit D.

30. For example, a summary of the infringement of claim 1 of the '923 Patent by the Oatey's Quadtro product is provided as follows:

    i) <u>Limitation 1:</u> Oatey's Quadtro product included a recessed, in-wall water service box having top, bottom, back and side walls, and at least one opening

        through one of the walls that was adapted to receive a valve inlet extension of desired diameter through the opening;

    ii) <u>Limitation 2:</u> Oatey's Quadtro product included a valve inlet extension connectable to a PEX water supply line;

    iii) <u>Limitation 3:</u> Oatey's Quadtro product included an apparatus releasably securing the valve inlet extension to the wall of the water service box; and

    iv) <u>Limitation 4:</u> Oatey's Quadtro product included, and/or instructed or encouraged its customers to employ the use of, a ring for securing a PEX supply line to secure said end to the barbed end of the valve inlet extension and was otherwise not suitable for any substantial non-infringing use, including as follows:




    31.    Oatey's customers have directly infringed at least claim 1 of the '923 Patent by using Oatey's Quadtro product in an infringing manner, as instructed and/or encouraged by Oatey in its product packaging, product advertising, and instructional materials, among other acts.

6

32. Oatey has directly infringed, actively induced infringement of, and/or contributed to infringement of at least claim 1 of the '923 Patent in violation of one or more of 35 U.S.C. §§ 271(a)-(c).

33. Oatey has indirectly infringed one or more claims of the '923 Patent in the United States in violation of 35 U.S.C. § 271(b) by actively encouraging infringement by its customers or users, knowing that the acts it induced constituted infringement of the '923 Patent, and such encouraging acts have resulted in direct patent infringement of the '923 Patent.

34. Oatey has sold a number of supply boxes, including at least the Quadtro products, as a component of an apparatus or apparatus for use in a process patented in the '923 Patent, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '923 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).

35. As a result of Oatey's infringement of the '923 Patent, LSP has been damaged by Oatey's conduct.  LSP is therefore entitled to such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

36. Upon information and belief, Oatey's past and continuous infringement of the '923 Patent has been deliberate and willful, and this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to LSP pursuant to 35 U.S.C. §§ 284 & 285.

## PRAYER FOR RELIEF

WHEREFORE, LSP prays that this Court enter judgment in favor of LSP and against Oatey as follows:

A. Entry of judgment that Oatey has directly and indirectly infringed the '923 Patent pursuant to 35 U.S.C. § 271 (a) & (b);

B. An order that Oatey provide an accounting and pay to LSP damages in an amount adequate to compensate LSP for its infringement of the '923 Patent, including damages for lost profits, but in no event less than a reasonable royalty, including up to treble damages for willful infringement pursuant to 35 U.S.C. § 284;

C. An order that this is an exceptional case under 35 U.S.C. § 285 meriting that LSP be awarded its costs, including its reasonable attorneys' fees and other expenses incurred in connection with this action; and,

D. Any other relief that the Court finds legal, just and equitable, as may be available under law or equity, and which the Court finds proper.

### DEMAND FOR TRIAL BY JURY

LSP demands trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

This 14th day of March, 2019.

Respectfully submitted,

**SIEBMAN, FORREST, BURG & SMITH, L.L.P.**

 *s/ Stephanie Barnes*

CLYDE M. SIEBMAN
Texas State Bar No. 18341600
Email: clydesiebman@siebman.com
STEPHANIE R. BARNES
Texas State Bar No. 24045696
Email: stephaniebarnes@siebman.com

       3710 Rawlins Street, Suite 975
       Dallas, Texas 75219
       4949 Hedgcoxe Road, Suite 230
       Plano, Texas 75024
       Telephone:  214-387-9100
       Facsimile:   214-387-9125

       Eric G. Maurer
       Scott P. Amy
       **THOMAS HORSTEMEYER**
       3200 Windy Hill Road, Suite 1600E
       Atlanta, Georgia 30339
       Telephone: 770-933-9500
       Fax: 770-951-0933
       Email: eric.maurer@thomashorstemeyer.com
       Email: scott.amy@thomashorstemeyer.com

       **ATTORNEYS FOR PLAINTIFF LSP PRODUCTS GROUP, INC.**