IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LSP PRODUCTS GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-00642-M |
| | § | |
| OATEY CO., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Leave to Amend Preliminary Invalidity Contentions. [ECF No. 74]. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

**I.      Factual and Procedural Background**

This case concerns Defendant's alleged infringement of Plaintiff's patented plumbing connector system. Plaintiff, LSP Products Group, Inc., and Defendant, Oatey Co., manufacture plumbing products. On March 14, 2019, Plaintiff filed this lawsuit against Defendant for alleged infringement of U.S. Patent No. 5,983,923 (the "923 Patent"). On August 14, 2019, Plaintiff served its Preliminary Infringement Contentions [ECF No. 40]. On September 26, 2019, the due date, Defendant served its Preliminary Invalidity Contentions [ECF Nos. 44, 50].[1]

On January 31, 2020, Defendant notified Plaintiff of its intent to supplement its Preliminary Invalidity Contentions and provided Plaintiff with drafts of two new invalidity claim charts (the "January Claim Charts") [ECF No. 75 at App. 134 ¶ 4]. One of the January Claim

---

[1] On February 10, 2020, the Court issued its Order on claim construction [ECF No. 63]. Defendant's "Final Invalidity Contentions" would have been due fifty days after the Court's claim construction order (March 31, 2020), but final invalidity contentions would not have been appropriate (discussed below).

Charts concerned the Oatey Wholesaler Price Sheet (the "Price Sheet") [*Id.* at App. 128–32]. Defendant identified the Price Sheet as prior art in its Preliminary Invalidity Contentions, but did not chart it [ECF No. 82-1 at 3–4]. The other January Claim Chart concerned an excerpt of a catalog from third-party IPS Corporation (the "IPS Catalog") (*Id.* at App. 029–34). Plaintiff had submitted the IPS Catalog to the United States Patent and Trademark Office during its original prosecution of the '923 Patent, but Defendant had not identified the IPS Catalog in its Preliminary Invalidity Contentions. In addition to those two primary references, Defendant also included in the January Claim Charts secondary references, consisting of three patents. These references (the "IPS Secondary References") were also not cited in Defendant's Preliminary Invalidity Contentions.

On March 26, 2020, Defendant asked Plaintiff if it would oppose a formal motion for leave to amend its Preliminary Invalidity Contentions [*Id.* at App. 136 ¶ 8]. Defendant alleges Plaintiff did not respond. On April 30, 2020, Defendant again asked Plaintiff whether it would oppose such a motion [*Id.*]. Plaintiff told Defendant that it would be opposed [*Id.*]. Defendant then moved for leave to amend its Preliminary Invalidity Contentions, using Local Patent Rule 3-7, to add invalidity contentions based on the Price Sheet, the IPS Catalog, the IPS Secondary References, and two additional secondary references not included in the Preliminary Invalidity Contentions or the January Claim Charts: a 1995 WIRSBO AQUAPEX™ Plumbing Catalog (the "WIRSBO Catalog") and ASTM standards dating to 1995–96 (the "ASTM Standards"). [*Id.* at App. 134 ¶ 4, App. 136 ¶ 9].

## II.  **Legal Standard**

The Local Patent Rules of this Court govern the requirements for serving invalidity contentions. *Indus. Print Techs., LLC v. O'Neil Data Sys., Inc.*, No. 3:15-cv-01101-M, 2018 WL

398745, at *3 (N.D. Tex. Jan. 11, 2018) (Lynn, J.); Misc. Order No. 62. The purpose of the Local Patent Rules is to provide adequate notice and information to all parties and to ensure full, timely discovery. *Indus. Print Techs.*, 2018 WL 398745, at *4. Such notice streamlines discovery and narrows the issues for trial. *Id.* at *3.

A defendant's preliminary invalidity contentions become their final invalidity contentions unless (1) the Plaintiff has served final infringement contentions or (2) the defendant believes in good faith that the claim construction order requires them to do so. Misc. Order No. 62 ¶ 3-6. Otherwise, under Local Patent Rule 3-7(b), a party may amend its preliminary invalidity contentions "only by order of the presiding judge upon a showing of good cause." Misc. Order No. 62 ¶ 3-7(b); *see also Indus. Print Techs.*, 2018 WL 398745, at *3. Neither provisions (1) or (2) above are present here, so Defendant must show good cause. Good cause does not exist "merely because new evidence was revealed during discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts consider four factors to determine whether good cause exists: (1) diligence by the party seeking to amend, (2) the importance of the amendment, (3) the danger of unfair prejudice, and (4) the availability of a continuance. *CommScope Techs., LLC v. Dali Wireless, Inc.*, No. 3:16-cv-00477-M, 2018 WL 4566130, at *2 (N.D. Tex. Sept. 21, 2018) (Lynn, J.); *see also Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *Mobile Telecomms., Techs., LLC v. 6 Blackberry Corp.*, 3:12-cv-1652-M, 2015 WL 12698061, at *1 (N.D. Tex. May 19, 2015) (Lynn, J.). Diligence is the most important factor. Good cause requires a showing of diligence by the party seeking to amend. *O2 Micro,* 467 F.3d at 1366. The other factors weighing "slightly" in a party's favor cannot overcome "weighty diligence flaws." *See Summit 6 LLC v. HTC Corp.*, No. 7:14-cv-00014-O, 2014 WL 11514929, at *8 (N.D. Tex. Nov. 16, 2014); *Davis-Lynch, Inc., v.*

*Weatherford Int'l, Inc*., No. Civ. A. 6:07-cv-00559, 2009 WL 81874, at *4–5 (E.D. Tex. Jan. 12, 2009) (finding a lack of diligence outweighed other factors, even where importance weighed slightly in favor of amendment and prejudice was insubstantial).

### III.  Analysis

#### a) Diligence

As the party seeking leave, it is Defendant's burden to establish diligence. *O2 Micro,* 467 F.3d at 1366.  Diligence has two elements. Defendant must show (1) that it promptly disclosed newly discovered references, and (2) that it diligently searched for and analyzed prior art. *See Guardian Techs., LLC v. Radio Shack Corp*., No. 3:09-cv-00649, 2010 WL 11534474, at *2 (N.D. Tex. Aug. 13, 2010).

##### i)  The Price Sheet

The Price Sheet was identified by Defendant in Defendant's Preliminary Invalidity Contentions as prior art, but was not charted. *See* [ECF No. 75 at App. 135 ¶ 5]. Defendant claims that it discovered the Price Sheet the day before its Preliminary Invalidity Contentions were due. *See* [ECF No. 82-1 at 3–4]. Defendant says it then performed a technical analysis and investigation that was required to determine whether the Price Sheet qualified as a printed publication for prior art purposes, and concluded that it did qualify when Defendant included it in the January Claim Charts. [*Id*.].

Plaintiff contends Defendant has not offered an explanation for the four-month delay between Defendant's serving Preliminary Invalidity Contentions, on September 26, 2019, and the January Claim Charts, on January 31, 2020. *See* [ECF No. 82 at 5]. However, Defendant did offer an explanation. Defendant says once it found the Price Sheet,

> "[t]he reference then required further technical analysis as well as investigation to determine its potential qualification as a 'printed publication' for prior art purposes, such

4

as dates and manner of public distribution, and if any earlier documentation existed. Again, these efforts were complicated and time consuming given the age of the document and loss over the years of people who could supply the needed information." [ECF No. 75 at App. 135 ¶ 5]; *see also* [ECF No. 74 at 7].

The Court concludes that Defendant makes a case for diligence in discovering and disclosing the Price Sheet.

        ii)        The IPS Catalog, the IPS Secondary References, the WIRSBO Catalog, and the ASTM Standards

Defendant has not shown good cause for its delay in identifying these references. Defendant states that it had not yet identified connection mechanisms for polybutylene valve assemblies as prior art when it filed its Preliminary Invalidity Contentions. Defendant further says it faced the same challenge noted above in searching old documents.

Defendant says it first learned of the WIRSBO Catalog and the ASTM Standards from its experts in March 2020. Defendant has failed to show that it acted diligently in discovering the IPS Catalog, the IPS Secondary References, the WIRSBO Catalog, and the ASTM Standards.

The IPS Catalog is referenced in the file history of the '923 Patent (provided by Plaintiff to Defendant on August 12, 2019). *See* [ECF No. 82 at 14]; [ECF No. 83 at 11]. It is also referenced in the publicly available Invention Disclosure Statement for the '923 Patent (a patent which was issued in 1999, and of which Defendant was notified in 2006). *See* [ECF No. 82 at 5, 15]. Defendant does not state when it identified the IPS Catalog, but it certainly had the tools to discover it and base invalidity claims on it well before January 2020.

Defendant argues that the IPS Catalog was "merely listed" in the patent file history and that Defendant cannot be faulted for failing to understand the significance of the IPS Catalog because the claims examiner missed its significance as well. *See* [ECF No. 83 at 9]. Those comments do not show Defendant acted diligently in discovering the IPS Catalog. Its only

5

explanation for its delay in finding the IPS Catalog is that the '923 Patent's history is difficult to search. But difficulty does not equate with diligence. Defendant did not establish that it acted diligently with respect to discovering the IPS Catalog. *See Guardian Techs.*, 2010 WL 11534474, at *2 (stating that a party whose diligence is meaningfully challenged must respond with evidence of their diligence).

Further searching and investigation that emanated from Defendant's late discovery of the IPS Catalog allegedly resulted in Defendant finding the IPS Secondary References. *See* [ECF No. 74 at 7]; [ECF No. 83 at 10]. The IPS Catalog and IPS Secondary References are inextricably linked. Defendant addresses them together in Defendant's Motion for Leave to Amend Preliminary Invalidity Contentions. *See* [ECF No. 74 at 6–7]. Because Defendant does not show that it acted diligently with respect to discovering the IPS Catalog, Defendant also fails to establish that it acted diligently with respect to the discovery of the IPS Secondary References.

As to the WIRSBO Catalog and ASTM Standards, Defendant merely states that it was diligent in finding these two items.

> "Despite diligent searching, Oatey first learned of the 1995 WIRSBO Catalog and the historical ASTM standards in or about early March, 2020. . . . As noted above, Oatey diligently searched for prior art and promptly disclosed new references to LSP, including detailed supplemental claim charts outlining its invalidity theories based on those references. Accordingly, Oatey was diligent in searching and in providing notice to LSP as soon as its theories developed." [*Id.* at 7].

Defendant offers nothing other than conclusory statements to prove its diligence. The Defendant explains when these two secondary references were found, and that they were promptly disclosed to the Plaintiff once they were found. However, Defendant provides no reasonable explanation for the almost six-month delay between the date when Defendant submitted its Preliminary Invalidity Contentions and when it allegedly found these two secondary references. Defendant fails to show that it was diligent in discovering the WIRSBO Catalog and the ASTM Standards.

6

### b) Importance of the amendment

Defendant asserts that the Price Sheet and IPS Catalog depict what is alleged to be a hallmark of the '923 Patent, the barbed ends of the intake valves, and that the new secondary references do the same. Accordingly, the new primary and secondary references are alleged to be an important part of Defendant's invalidity defense. The importance of the amendments thus weighs in favor of a finding of good cause.

### c) Danger of unfair prejudice

#### i) The Price Sheet

Plaintiff was on notice of the Price Sheet's relevance when the Preliminary Invalidity Contentions were originally filed. Defendant identified the Price Sheet as prior art and specifically explained what Defendant considered material to the invalidity of the '923 Patent. *See* [ECF No. 82-1 at 3–4]; [*id.* at 14] ("barbed valve inlet extensions for [PEX connections] are reflected in . . . the *Oatey Wholesaler Price Sheet*.").

If Defendant is granted leave to amend the Invalidity Contentions by adding the Price Sheet, Plaintiff will not suffer material prejudice, because Plaintiff was put on notice as to the specific nature of the contention. *See CommScope Techs.,* 2018 WL 4566130, at *4 (finding plaintiff would not suffer material prejudice where plaintiff was on notice of the "general nature, contours, and direction of the contentions . . . ."). The absence of potential prejudice weighs in favor of allowing Defendant leave to amend the invalidity contentions to include the Price Sheet.

#### ii) The IPS Catalog, the IPS Secondary References, the WIRSBO Catalog, and the ASTM Standards

Plaintiff was not put on notice of these references by the preliminary contentions deadline, and Defendant failed to disclose any of these references in its Preliminary Invalidity

7

Contentions. Plaintiff made strategic judgements based on what issues were in dispute. Plaintiff should not have to bear any burden created by Defendant's delay, given that the delay has not been sufficiently explained. *See Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 901–02 (E.D. Tex. March 28, 2006) ("Invalidity is an affirmative defense, and the party which does not properly investigate [its defense] early enough to timely meet disclosure requirements risks exclusion of that evidence.").

Defendant's Motion for Leave to Amend was filed over eight months after preliminary invalidity contentions were due and three months after the Court entered its Order on claim construction. Defendant has failed to establish that it was diligent in discovering these references. Plaintiff would also need to craft new arguments and supplement discovery to respond to late-identified invalidity grounds. Forcing Plaintiff to make such late adjustments to ameliorate Defendant's lack of diligence would be unfair. Defendant has asserted many invalidity contentions on which Plaintiff must be prepared. A ruling against admission of the late amendment does not prevent Defendant from proceeding with the timely asserted contentions or those related to the Price Sheet.

        d)  <u>Availability of a continuance</u>

The Court is unwilling to reset the trial schedule to accommodate Defendant's lack of diligence as to the new references.

## IV.    Conclusion

Defendant's Motion for Leave to Amend Preliminary Invalidity Contentions is GRANTED as to the Oatey Price Sheet. Defendant's Motion for Leave to Amend Preliminary Invalidity Contentions is otherwise DENIED.

**SO ORDERED**.

August 20, 2020.

BARBARA M. G. LYNN
CHIEF JUDGE